CSD 3029 [11/15/04]

Name, Address, Telephone No. & I.D. No.
Sean C. Coughlin (SBN 167900)
Leslie T. Gladstone (SBN 144615)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone:(858)369-5577/(858)454-9887
Facsimile:(858)369-5575/(858)454-9596
ATTORNEYS for Leslie T. Gladstone, Chapter 7 Trustee

Order Entered on
April 20, 2015
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re<br><br>LAMIA THOMAS BEGZADEH,<br><br>Debtor. | BANKRUPTCY NO. 10-04872-LT7 |
|---|---|
| LESLIE T. GLADSTONE, CHAPTER 7 TRUSTEE,<br><br>Plaintiff(s)<br><br>v.<br><br>RAMIEL BEGZADEH,<br><br>Defendant(s) | ADVERSARY NO. 13-90050-LT |

## AMENDED JUDGMENT BY DEFAULT

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through  4  with exhibits, if any, for a total of  9  pages, is granted.  Request for Default Docket Entry No.  23 .

//

//

//

//

DATED:    April 20, 2015

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

FINANCIAL LAW GROUP
(Firm name)

By: /s/ Sean C. Coughlin
    Attorney for Plaintiff

CSD 3029

CSD 3029 [11/15/04](Page 2)
DEBTOR: LAMIA THOMAS BEGZADEH
CASE NO: 10-04872-LT7
ADVERSARY NO.: 13-90050-LT
AMENDED JUDGMENT BY DEFAULT

---

Default was entered against defendant, <u>RAMIEL BEGZADEH</u>, on <u>May 22, 2013</u>. Therefore, on motion of the plaintiff, an amended judgment (of the judgment entered February 4, 2014) is entered against that defendant in accordance with the following findings:

A. On September 8, 2004, Defendant Ramiel Begzadeh ("Begzadeh") commenced a state court action ("2004 State Court Action") in San Diego County Superior Court, Case No. GIC835426 against Kako Sako, Frank Sako, Feras Sako, Allen Sako (collectively, "Sako Defendants"), and Amfuel Management, Fillco Petroleum, L.P., Sabe Properties, L.P., Wells Cash Management, L.L.C (collectively, "Corporate Defendants"). (The Sako Defandents and the Corporate Defendants are hereinafter collectively referred to as the "State Court Defendants").

B. At the time of the State Court Action, Begzadeh was married to the Debtor in the above case, Lamia Begzadeh (the "Debtor").

C. In or about August 2005, Begzadeh, on the one hand, and the State Court Defendants, on the other hand, entered into a settlement agreement to resolve the claims alleged in the 2004 State Court Action (the "2005 Settlement").

D. On March 7, 2007, the Debtor commenced a dissolution proceeding against Begzadeh in San Diego County Family Court, East County Division entitled *Lamia Begzadeh v. Ramiel Begzadeh*, Case No. ED 70212 CKG (the "Divorce Proceeding").

E. On March 17, 2009, Begzadeh commenced a AAA Arbitration against the State Court Defendants as Arbitration Association Case. No. 73 180 Y 32756 08 GLO (the "AAA Arbitration") alleging, among other causes of action, breach of the 2005 Settlement.

F. On June 29, 2009, a judgment of dissolution was entered in the Divorce Case.

G. At the time of the dissolution, a marital settlement agreement had not been entered into by the Debtor and Begzadeh, and the marital property had not been divided.

H. On October 28, 2010, Begzadeh commenced a second action against the State Court Defendants in San Diego Superior Court, Case No. 37-2010-00103266-CU-CO-CTL (the "2010 State Court Action") also alleging, among other claims, breach of the 2005 Settlement.

I. As of the filing of the 2010 State Court Action, a marital settlement agreement between the Debtor and Begzadeh still had not been filed on the Court file in the Divorce Proceeding, and the marital property had not been divided.

CSD 3029

Case 13-90050-LT    Filed 04/20/15    Entered 04/20/15 12:34:30    Doc 40    Pg. 3 of 9

CSD 3029 [11/15/04](Page 3)
DEBTOR: LAMIA THOMAS BEGZADEH
CASE NO: 10-04872-LT7
ADVERSARY NO.: 13-90050-LT
AMENDED JUDGMENT BY DEFAULT

J. On or about January 26, 2012, Begzadeh and the State Court Defendants entered into a settlement ("2012 Settlement") of the 2010 State Court Action and the AAA Arbitration.

K. The settlement agreement ("Settlement Agreement") provided in relevant part that the Sako Defendants would pay Ramiel the total sum of $262,500.00 in installments over time, with payments being made to the client trust account of Begzadeh's attorneys, Hosey & Bahrambeygui (H&B).

L. At the time of the 2012 Settlement, a marital settlement agreement still had not been filed on the Court file in the Divorce Proceeding and the marital property had not been divided.

**WHEREFORE, IT IS ORDERED AS FOLLOWS:**

1. On the First Claim for Relief that:

    a) Begzadeh and H&B deliver to the Trustee, that percentage of the Settlement Proceeds to which the estate is entitled, that have been paid by the Sako Defendants pursuant to the 2012 Settlement, and are currently being held in H&B's client trust account and/or are otherwise in Begzadeh's possession, custody, or control.

    b) Begzadeh and H&B deliver to the Trustee that percentage of all subsequent installment payments of the Settlement Proceeds that are paid by the Sako Defendants to Begzadeh pursuant to the 2012 Settlement and are deposited into the H&B client trust account and/or are otherwise in Begzadeh's possession, custody, or control, within ten days of their receipt, until such time as H&B and/or Begzadeh cease to be paid any further installment payments by the Sako Defendants, as set forth in the Modified Order on Preliminary Injunction entered concurrently herewith.

    c) Begzadeh and H&B account to the Trustee for all installment payments made by the Sako Defendants, pursuant to the 2012 Settlement, on a quarterly basis.

2. On the Second Claim for Relief, the Court declares that the Settlement Proceeds are community property of the Debtor and Ramiel Begzadeh; and, that the Settlement Proceeds are therefore property of the estate and liable to satisfy the Debtor's debts.

3. On the Third Claim for Relief, the Preliminary Injunction entered by the Court on March 8, 2013, (Docket Entry No. 19), shall remain in effect <u>EXCEPT</u> it shall be modified as to Provision No. 3, which shall be revised, as set forth in the proposed Modified Order on Preliminary Injunction Preventing Defendants from Dissipating, Transferring, and/or concealing assets, a copy of which is attached as Exhibit "A" hereto, as follows:

CSD 3029

Signed by Judge Laura Stuart Taylor April 20, 2015

Case 13-90050-LT    Filed 04/20/15    Entered 04/20/15 12:34:30    Doc 40    Pg. 4 of 9

CSD 3029 [11/15/04](Page 4)
DEBTOR: LAMIA THOMAS BEGZADEH
CASE NO: 10-04872-LT7
ADVERSARY NO.: 13-90050-LT
AMENDED JUDGMENT BY DEFAULT

        The Hosey Defendants, and their respective agents, servants, employees, partners, representatives, independent contractors, lessees, assigns, attorneys and all other persons in active concert and/or participation with any of them, shall continue to receive payment of future installments of the Settlement Proceeds received from the Sako Defendants. The Hosey Defendants shall continue to withdraw from each installment payment, that portion of the Settlement Proceeds that arises from the contractual lien for attorney's fees of the Hosey Defendants described in paragraph 6 of that certain Engagement Agreement dated July 15, 2008 between Begzadeh and the Hosey Defendants, (the "H&B Engagement Agreement"), in payment of their agreed-upon attorney's fees in accordance with paragraph 1 and 4 of the Engagement Agreement (the "Attorney Fee Withdrawal"). The Hosey Defendants shall remit the balance of each installment payment to the Trustee for the benefit of the bankruptcy estate.

4.     The Fourth Claim of Relief, shall be dismissed without prejudice.

5.     The Trustee is also entitled to costs against Begzadeh, in the amount of $293.00, and post-petition collection costs including attorney's fees, through collection in full of the judgment.

6.     Begzadeh shall turn over to the estate the amount of $36,681.28, which is the portion of the Settlement Proceeds paid by the Sako Defendant to H&B's client trust account that H&B disbursed to Mr. Begzadeh, to which the estate is entitled, and is in his custody, possession, or control.

7.     The Trustee is entitled to add to the Judgment the attorneys' fees of $35,047.50 and additional costs of $73.60 against Begzadeh incurred in pursuing turnover to the estate of the Settlement Proceeds to which the estate is entitled.

8.     The total Judgment amount against Begzadeh as of the date of entry of this Amended Judgment is as follows:

| | |
|---|---|
| Principal Judgment Amount: | $36,681.28 |
| Attorneys' Fees: | $35,047.50 |
| Costs: | $    366.60 |
| **Total:** | **$72,095.38** |

**IT IS SO ORDERED**.

CSD 3029

Signed by Judge Laura Stuart Taylor April 20, 2015

# EXHIBIT A

# EXHIBIT A

CSD 3000A [11/15/04]
Name, Address, Telephone No. & I.D. No.
Leslie T. Gladstone (SBN 144615)
Geraldine A. Valdez (SBN 174305)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
Attorneys for Chapter 7 Trustee, Leslie T. Gladstone

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re<br><br>LAMIA THOMAS BEGZADEH,<br><br>Debtor. | BANKRUPTCY NO. 10-04872-LT7 |
|---|---|
| LESLIE T. GLADSTONE, CHAPTER 7 TRUSTEE<br><br>Plaintiff,<br><br>v.<br><br>RAMIEL BEGZADEH; PATRICK HOSEY; HOSEY & BAHRAMBEYGUI; KAKO SAKO, FRANK SAKO, FERAS SAKO, ALLEN SAKO, AMFUEL MANAGEMENT, FILLCO PETROLEUM, L.P., SABE PROPERTIES, L.P., WELLS CASH MANAGEMENT, L.L.C.; BRET HAMELIN,<br><br>Defendant. | ADVERSARY NO. 13-90050-LT<br><br>DATE OF HEARING: 3/1/2013<br>Time of Hearing: 10:00 a.m.<br>Honorable Laura S. Taylor |

[Proposed] MODIFIED ORDER ON
PRELIMINARY INJUNCTION PREVENTING DEFENDANTS FROM DISSIPATING,
TRANSFERRING, AND/OR CONCEALING ASSETS

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __4__ with exhibits, if any, for a total of __4__ pages, is granted. Motion/Application Docket Entry No. _____

//
//
//
//

DATED: _____        _____
                                     Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

FINANCIAL LAW GROUP
(Firm name)

By: /s/ Geraldine A. Valdez
    Attorney for [X] Movant  [ ] Respondent

CSD 3000A

CSD 3000A [11/15/04](Page 2)
[Proposed] MODIFIED ORDER On PRELIMINARY INJUNCTION PREVENTING DEFENDANTS FROM DISSIPATING, TRANSFERRING, AND/OR CONCEALING ASSETS

DEBTOR: Lamia Thomas Begzadeh

CASE NO.: 10-04872-LT7

ADV. NO.: 13-90050-LT

The Application of Plaintiff and Trustee Leslie T. Gladstone (the "Trustee") for preliminary injunction preventing Defendants Ramiel Begzadeh ("Begzadeh"), Patrick Hosey, Hosey & Bahrambeygui (the "Hosey Defendants"), Kako Sako, Feras Sako, Allen Sako (the "Sako Defendants"), Amfuel Management, Fillco Petroleum L.P., Sabe Properties, L.P., Wells Fargo Cash Management, LLC (the "Corporate Defendants"), and Bret Hamelin ("Attorney Hamelin"), (collectively "Defendants") from dissipating assets (the "Application") came on for hearing on March 1, 2013 at 10:00 a.m. in Department 3 of the above court, the Honorable Laura S. Taylor, Chief Judge, presiding. Geraldine A. Valdez appeared on behalf of the Trustee. David Britton appeared on behalf of Begzadeh. Dean Janis appeared on behalf of the Hosey Defendants. Brett Hamelin appeared on behalf of the Sako Defendants and himself. Patrick Hosey appeared on behalf of himself and Hosey & Bahrambeygui. There were no other appearances.

Having considered the Application and the oppositions filed by Begzadeh and the Hosey Defendants, all supporting documentation, and the arguments of counsel, the Court finds as follows:

1. Notice of the Application was properly and timely given to Defendants.

2. A preliminary injunction is necessary to preserve the status quo and prevent the dissipation, transfer, and/or concealment of the proceeds from the settlement (the "Settlement") of litigation between Begzadeh, on the one hand, and the Sako Defendants and the Corporate Defendants, on the other hand, entitled *Begzadeh v. Kako Sako, et al.*, American Arbitration Association Case No. 73 180 Y 32756 08 GLO and San Diego Superior Court Case No. 37-2010-00103266-CU-CO-CTL (the "Settlement Proceeds"), which the Trustee contends are property of the estate.

3. As set forth in the Application, the Trustee has satisfied the required elements to warrant the issuance of a preliminary injunction.

4. Good cause exists for entry of a preliminary injunction restraining the Defendants from taking any actions to dissipate, transfer, and/or conceal the Settlement Proceeds except for that portion of the Settlement Proceeds that arises from the contractual lien for attorney's fees of the Hosey Defendants described in paragraph 6 of that certain Engagement Agreement dated July 15, 2008 between Begzadeh and the Hosey Defendants, (the "Engagement Agreement") which portion of the Settlement Proceeds the Hosey Defendants are entitled to withdraw in payment of their agreed-upon attorney's fees in accordance with paragraph 1 and 4 of the Engagement Agreement.

As a result, and good cause appearing therefor,

WHEREFORE, IT IS HEREBY ORDERED THAT, the Application for Preliminary Injunction is granted, in part.

CSD 3000A

CSD 3000A [11/15/04] (Page 3)
[Proposed] MODIFIED ORDER On PRELIMINARY INJUNCTION PREVENTING DEFENDANTS FROM DISSIPATING, TRANSFERRING, AND/OR CONCEALING ASSETS

DEBTOR: Lamia Thomas Begzadeh                                     CASE NO.: 10-04872-LT7
                                                                  ADV. NO.:  13-90050-LT

IT IS FURTHER ORDERED THAT:

1.   Defendant Begzadeh, shall immediately transfer to the Hosey Defendants, and/or their respective agents, servants, employees, partners, representatives, independent contractors, lessees, assigns, attorneys, and all other persons in active concert and/or participation with them, any and all Settlement Proceeds in his possession custody and control; **and**

2.   The Sako Defendants shall continue to pay all future installments of the Settlement Proceeds to the Hosey Defendants and/or their respective agents, servants, employees, partners, representatives, independent contractors, lessees, assigns, attorneys and all other persons in active concert and/or participation with any of them, pursuant to the terms of the Settlement; **and**

3.   The Hosey Defendants, and their respective agents, servants, employees, partners, representatives, independent contractors, lessees, assigns, attorneys and all other persons in active concert and/or participation with any of them, shall continue to receive payment of future installments of the Settlement Proceeds received from the Sako Defendants. The Hosey Defendants shall continue to withdraw from each installment payment, that portion of the Settlement Proceeds that arises from the contractual lien for attorney's fees of the Hosey Defendants described in paragraph 6 of that certain Engagement Agreement dated July 15, 2008 between Begzadeh and the Hosey Defendants, in payment of their agreed-upon attorney's fees in accordance with paragraph 1 and 4 of the Engagement Agreement (the "Attorney Fee Withdrawal"). The Hosey Defendants shall remit the balance of each installment payment to the Trustee for the benefit of the bankruptcy estate.

IT IS FURTHER ORDERED THAT, except for the Attorney Fee Withdrawal described in paragraph 3 above, Defendants and their respective agents, servants, employees, partners, representatives, independent contractors, lessees, assigns, attorneys and all other persons in active concert and/or participation with any of them, are hereby enjoined, directly or indirectly, from doing any of the following:

1.   Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, concealing, disposing of, secreting, or in any other way diverting, using or making unavailable, or in any manner whatsoever dealing in or disposing of the whole or any part of the Settlement Proceeds;

2.   Modifying, altering, transferring, moving or destroying all or any part of the books and records and any and all electronic data compilations and-or computer-stored, produced, or received information including, but not limited to, computer input data, computer output data, magnetic tapes, computer cards and tapes, computer runs and stored information concerning or relating to the Settlement Proceeds;

3.   Doing any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the

CSD 3000A

CSD 3000A [11/15/04] (Page 4)
[Proposed] MODIFIED ORDER On PRELIMINARY INJUNCTION PREVENTING DEFENDANTS FROM DISSIPATING, TRANSFERRING, AND/OR CONCEALING ASSETS

DEBTOR: Lamia Thomas Begzadeh

CASE NO.: 10-04872-LT7

ADV. NO.: 13-90050-LT

Settlement Proceeds;

4. Destroying, concealing, transferring, or failing to preserve any document which evidences, reflects, or pertains to Defendants' disposition of the Settlement Proceeds.

IT IS FURTHER ORDERED THAT the entry of this preliminary injunction is without prejudice to the Defendants' right to apply to this Court to alter or modify this preliminary injunction, or to the Trustee's right to oppose any such application.

IT IS FURTHER ORDERED THAT this preliminary injunction shall become immediately effective upon service on the Defendants, including service by mail and/or service on a registered agent, and shall remain in full force and effect until further order of this Court, or until reversed on appeal.

IT IS FURTHER ORDERED THAT the Trustee is not required to post a bond.

IT IS SO ORDERED.

CSD 3000A

Signed by Judge Laura Stuart Taylor April 20, 2015